Michael D. PATTON, Personal Representative of the Estate of Pamela Onder, Deceased, Appellant,

v.

Mark D. KLEIN, M.D., Appellee.

No. 95–CV–305.

District of Columbia Court of Appeals.

Argued Oct. 24, 1996.

Decided May 20, 1999.

Robert J. Stanford, Washington, DC, for appellant.

Brian J. Nash for appellee.

Before WAGNER, Chief Judge, and SCHWELB, Associate Judge, and BELSON, Senior Judge.

PER CURIAM:

Appellant, Michael D. Patton, personal representative of the estate of Pamela Onder, filed this medical negligence case against appellee, Mark Klein, M.D., a radiologist, alleging that Dr. Klein's negligence in reporting the results of his examination of Mrs. Onder resulted in delayed diagnosis and treatment of her cancer and proximately contributed to her premature

death. The trial court granted summary judgment for Dr. Klein, concluding that Mr. Patton's prior unsuccessful suit against Mrs. Onder's surgeon bars the claim. Mr. Patton argues for reversal on the grounds that *res judicata* principles do not operate to bar the action because (1) the nature of the two claims is different; and (2) there was no fair and full opportunity to litigate in the prior action the claim presented here. We hold that *res judicata* does not preclude the second suit because Dr. Klein is not in privity with the defendant in the first action. We also conclude that the record has not been developed sufficiently to determine which, if any, issues are barred from relitigation based upon collateral estoppel. Therefore, we reverse and remand the case to the trial court for further proceedings.

## I. *Background*

### A. *First Action*

In the prior action, Mr. Patton filed a complaint under the Survival Act[1] and Wrongful Death Act[2] against Mrs. Onder's surgeon, Joseph E. Gutierrez, M.D., alleging that he negligently failed to diagnose cancer in her breast in 1988. Dr. Gutierrez' defense "in essence, was that Mrs. Onder did not have cancer in 1988, that a lump in the upper right area of her chest which he examined in 1988, was an enlarged (and non-malignant) lymph node, and that her breast cancer did not develop until 1989." *Patton v. Gutierrez*, No. 93–CV–1391 (D.C. May 26, 1995) (*Patton I*). A jury returned a verdict in favor of Dr.

1. D.C.Code § 12–101 (1995 Repl.).

2. D.C.Code § 16–2701 (1997 Repl.).

3. According to Dr. Klein, the axilla includes the arm pit and an area going downward at the back of the chest.

4. During deposition testimony, Dr. Gutierrez stated that he did not "find anything different from what the radiologist, Dr. Klein, reported in his review." Since that included the portion of Dr. Klein's report in which he stated that the nodule he palpated could not be seen on the mammogram, counsel for Mr. Patton sought to point out through impeachment that

Gutierrez, and this court affirmed the judgment in an unpublished memorandum opinion. *Id.*

During the trial in *Patton I*, Dr. Klein testified as a witness on behalf of Dr. Gutierrez. Dr. Klein testified that a benign nodule, which he felt at the time of the examination, was visible on a mammogram x-ray on May 6, 1988, the date of the examination. Dr. Klein admitted in testimony that there was an error in his written report which he sent to Dr. Koch, Mrs. Onder's gynecologist, with a copy to Dr. Gutierrez. Specifically, he testified that in the report he stated that he found "a palpable nodule in the upper outer quadrant of the right breast" of Mrs. Onder, which likely represented a lymph node which could not be seen on "either the mammogram or sonogram." However, Dr. Klein testified that the lump he found was not actually in Mrs. Onder's breast tissue, but in the axilla, an area adjacent to the breast.[3] He further testified that his written report was incorrect in stating that the nodule "was not visualized on the mammogram as a cyst," instead of that "it was not visualized on the sonogram as a cyst." According to Dr. Klein's trial testimony, the nodule which appeared on the x-ray was "in the same area" where he felt the nodule upon examination, but he could not say at trial that both were the same.[4]

### B. *Second Action*

While the appeal was pending in *Patton I*, Mr. Patton filed the complaint in this

Dr. Gutierrez' testimony at trial, *i.e.*, that he could see it on the x-ray, was inconsistent with his earlier deposition testimony. The trial court refused to allow the impeachment, concluding that there was no inconsistency. Later, however, appellant's counsel was allowed to read the same deposition excerpt to the jury as part of his rebuttal case. Given this rebuttal evidence and the trial court's instruction that the jury should consider the material, this court determined in *Patton I* that the error in the ruling on the impeachment question, if any, was harmless.

case (*Patton II*) naming as a defendant Dr. Klein.[5] In the complaint, Mr. Patton alleged that Mrs. Onder discovered a lump in the upper, outer quadrant of her right breast in early May 1988 and consulted her gynecologist, Dr. Koch. Dr. Koch felt the suspicious mass, instructed her to have a mammogram, and referred Mrs. Onder to Dr. Gutierrez. Mrs. Onder promptly scheduled the mammogram at Washington Radiology, where Dr. Klein, examined the mass, took the mammogram and sonogram, and interpreted them. Dr. Klein informed Mrs. Onder, and reported to Drs. Koch and Gutierrez, that he saw no indication of cancer in the mammogram or sonogram. Based, in part on Dr. Klein's negative findings from the x-ray and sonogram, both Dr. Gutierrez and Dr. Koch continued to reassure Mrs. Onder that she did not have cancer. The complaint alleged that Dr. Klein's revelations during the trial of *Patton I* reflect that he negligently failed to reveal to Dr. Koch that he was not examining the suspicious lump in the upper outer quadrant of Mrs. Onder's chest which Dr. Koch had felt. According to the complaint, Dr. Klein's negligence in this regard, along with the negligence of the other physicians, contributed to the delayed diagnosis of Mrs. Onder's cancer which resulted in her premature death.

### C. Summary Judgment

Dr. Klein moved for summary judgment, contending that the action was barred by principles of *res judicata* and collateral estoppel. He contended that the two claims arose out of the same cause of action and had the same factual nucleus. Mr. Patton argued in opposition that the complaint against Dr. Klein raised a different claim of negligence against the radiologist which

he had no fair opportunity to litigate in the first action against Dr. Gutierrez. Mr. Patton further contended that it was only after Dr. Klein changed his position during the trial of the claim against Dr. Gutierrez that it became apparent that there was a basis for a cause of action against the radiologist for malpractice. Applying the doctrine of *res judicata*, the trial court ruled that Mr. Patton's present claim is barred in that the case arises from the same "factual nucleus" as the claim in the first action and raised no new issues which could not have been raised in the prior case. The court found that any discrepancy between Dr. Klein's testimony as a witness at trial and his statements made in his deposition and report provided no new cause of action, but only a new theory of liability.[6]

### II. Discussion

Appellant Patton argues that the present action against Dr. Klein is based upon his breach of a separate and independent duty as a radiologist which is not barred by the prior action against Mrs. Onder's surgeon. He contends that the radiologist's duty to inform the patient and her physicians accurately of his findings was a proximate cause of the injury to Mrs. Onder and that this was not the subject of the first action. Dr. Klein argues that the present action is barred by either *res judicata* or collateral estoppel.

### A. Res Judicata

Under the doctrine of *res judicata* (claim preclusion), a final judgment on the merits of a claim bars relitigation in a subsequent proceeding of the same claim between the same parties or their privies. *Faulkner v. GEICO*, 618 A.2d 181, 183

---

5. Mr. Patton also named as defendants in the second suit Dr. Gutierrez and Dr. Edward Koch. Dr. Gutierrez and Dr. Koch filed motions for summary judgment which the trial court also granted based on *res judicata* principles. Mr. Patton has not appealed from the rulings as to Drs. Gutierrez and Koch.

6. The trial court properly rejected Mr. Patton's argument that *res judicata* principles did not apply because the appeal in the. prior action was still pending. Mr. Patton does not raise this issue on appeal. *See Jordan v. Washington Metro. Area Transit Auth.*, 548 A.2d 792, 795 n. 4 (D.C.1988) (The *res judicata* or collateral estoppel effect of a judgment is not altered by the pendency of an appeal.)

(D.C.1992) (citations omitted); *Stutsman v. Kaiser Found. Health Plan*, 546 A.2d 367, 369–70 (D.C.1988); *Smith v. Jenkins*, 562 A.2d 610, 613 (D.C.1989). The doctrine operates to bar in the second action not only claims which were actually raised in the first, but also those arising out of the same transaction which could have been raised. *Molovinsky v. Monterey Coop., Inc.*, 689 A.2d 531, 533 (D.C.1996); *Faulkner*, 618 A.2d at 183 (citing *Stutsman*, 546 A.2d at 369–70); *Washington Med. Ctr., Inc. v. Holle*, 573 A.2d 1269, 1280–81 (D.C.1990) (citing *Smith*, 562 A.2d at 613). "If there is a common nucleus of facts, then the actions arise out of the same cause of action." *Faulkner*, 618 A.2d at 183. "The nature and scope of a 'cause of action' is determined by 'the factual nucleus, not the theory on which a plaintiff relies.'" *Id.* (citation omitted). In determining whether the claim arises from the same factual nucleus, we consider the nature of the two actions, the facts necessary to prove each and "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Smith*, 562 A.2d at 613 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)). In order for *res judicata* to apply, there must be identity of claims and identity of parties. *Id.*, at 613–15.

 Appellant Patton argues that the doctrine of *res judicata* does not apply. In considering the applicability of the doctrine, our inquiry focuses on the following questions: (1) whether the claim was adjudicated finally in the first action; (2) whether the present claim is the same as the claim which was raised or which might have been raised in the prior proceeding; and (3) whether the party against whom the plea is asserted was a party or in privity with a party in the prior case. *See Washington Med. Ctr., supra*, 573 A.2d at 1280–81. We conclude that the doctrine of *res judicata* does not bar the present action because the defendants in the two suits are not in privity.

 "The doctrine of *res judicata* applies to and is binding, not only on actual parties to the litigation, but also those in privity with them." *Carr v. Rose*, 701 A.2d 1065, 1075 (D.C.1997) (citations omitted). "A privy is one so identified in interest with a party to the former litigation that he or she represents precisely the same legal right in respect to the subject matter of the case." *Smith, supra*, 562 A.2d at 615 (citation omitted). Traditional categories of privies include "'those who control an action although not parties to it ...; those whose interests are represented by a party to the action ...; [and] successors in interest.'" *Id.* (quoting *Lawlor v. National Screen Serv.*, 349 U.S. 322, 329 n. 19, 75 S.Ct. 865, 99 L.Ed. 1122 (1955) (footnote omitted)).

Even if we were to assume that Mr. Patton's claim against Dr. Klein arose from the same transaction as Mr. Patton's claim against Dr. Gutierrez in *Patton I*,—a question we do not decide—*res judicata* cannot be applied to bar Mr. Patton's claim against Dr. Klein because there is no identity of parties. Dr. Klein was not a party to the prior action and has not been shown to be in privity with Dr. Guiterrez. Therefore, *res judicata* cannot be used to bar the claim. *See Smith, supra*, 562 A.2d at 614–15.

### B. *Collateral Estoppel*

 Even where *res judicata* is inapplicable, collateral estoppel may bar relitigation of the issues determined in a prior action. *See Smith, supra*, 562 A.2d at 617. Appellee Klein argues alternatively the collateral estoppel effect of the prior judgment on issues in this case. Collateral estoppel or issue preclusion renders conclusive in the same or a subsequent action an issue of fact or law previously "'determined by a court of competent jurisdiction.'" *Id.*, at 617 (quoting *Southern Pac. R.R. Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 42 L.Ed. 355 (1897) (fur-

ther citations omitted)). Moreover, " 'even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.' " *Id.* (quoting *Southern Pac.*, 168 U.S. at 48–49, 18 S.Ct. 18). In order for collateral estoppel to apply "(1) the issue [must be] actually litigated and (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; (4) under circumstances where the determination was essential to the judgment, and not merely dictum." *Washington Med. Ctr., supra,* 573 A.2d at 1283 (citations omitted); *see also McLaughlin v. Bradlee,* 256 U.S.App. D.C. 119, 123, 803 F.2d 1197, 1201 (1986).

Collateral estoppel may be used defensively to prevent a plaintiff from relitigating issues which the plaintiff lost previously against another defendant. *See Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 329, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Jackson v. District of Columbia,* 412 A.2d 948, 952–53 (D.C.1980). Thus, "while claim preclusion operates only between the parties to the prior litigation and those in privity with them, a stranger to the first action may invoke issue preclusion against a party to that action." *Carr, supra,* 701 A.2d at 1076 (citing 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 131.13[1] (3d ed.1997)).

Dr. Klein argues that when the jury in *Patton I* found Dr. Guiterrez was not negligent, the jury necessarily found that the cancer was not present in Mrs. Onder's breast in 1988 and when Dr. Gutierrez examined her. Thus, Dr. Klein contends, the jury's finding that the cancer was not present in 1988 precludes Mr. Patton's claim against him in *Patton II* because he could not have been negligent if there was no cancer when he wrote his report.

The flaw in Dr. Klein's argument is that it is not certain that the jury in *Patton I* found that the cancer was not present in 1988. It was not essential that the jury make this determination in order to reach a verdict for Dr. Gutierrez. The jury could have found that Dr. Guiterrez did not breach the standard of care by declining to take a biopsy, or that Dr. Guiterrez relied on Dr. Klein's erroneous report, and given the information he had, he was not negligent in determining that Mrs. Onder did not have cancer. "Collateral estoppel does not apply if the issues are not identical, even if the issues are similar." *Short v. District of Columbia Dep't of Employment Servs.,* 723 A.2d 845, 849–50 (D.C.1998) (citations omitted). There has been no showing here that there was a determination of an identical issue of fact or law in the prior litigation which can bar the present action on the basis of issue preclusion. *See Carr, supra,* 701 A.2d at 1076–77.

For the foregoing reasons, we conclude that the judgment of the trial court must be reversed and remanded for further proceedings.[7]

*Reversed* and *remanded.*

---

7. Our ruling is without prejudice to consideration of additional motions for summary judgment after the issues have been further developed through the discovery process.