*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 20-CV-0324

GUANGSHA WANG, APPELLANT,

V.

1624 U STREET, INC., *ET AL.*, APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(CAB-7009-19)

(Hon. Heidi M. Pasichow, Trial Judge)

(Submitted January 7, 2021                    Decided   June 24, 2020)

Guangsha Wang, *pro se*.

*William D. Day* was on the brief for appellees.

Before EASTERLY and DEAHL, *Associate Judges*, and FISHER, *Senior Judge*.

DEAHL, *Associate Judge*:  Guangsha Wang owns a residential condominium unit directly above Chi Cha Lounge, a bar operated by 1624 U Street, Inc.  She sued Chi Cha for negligence, private nuisance, and breach of a settlement agreement all stemming from the bar's "excessive noise," which she claims caused tenants of her condominium to break their lease and left her unable to find new tenants.  The trial

court dismissed her suit for failure to state a claim. It reasoned her claims were resolved in prior litigation so that res judicata (claim preclusion) and/or collateral estoppel (issue preclusion) principles barred their relitigation. We disagree and reverse the trial court's dismissal order and remand the case.

## I.

Guangsha Wang's residential condominium unit sits directly above Chi Cha Lounge, a bar located in the District. In October 2016, Chi Cha filed an application seeking to renew its alcohol license and Wang filed a protest with the District of Columbia Alcoholic Beverage Control Board.[1] In her protest, Wang argued that renewal was not appropriate under D.C. Code § 25-313(b)(2) (2012 Repl.) because of Chi Cha's negative effect on "peace, order, and quiet," owing to its non-compliance with various noise regulations.[2]

---

[1] The Board has the authority to "[i]ssue, transfer, and renew licenses to qualified applicants." D.C. Code § 25-201(c)(3) (2012 Repl.). An abutting property owner has standing to "protest the issuance or renewal of a license." *Id.* § 25-601(a)(1)(A); *see also* 23 D.C.M.R. § 1602.1 (2021).

[2] "To qualify for . . . renewal of a license, . . . an applicant [must] demonstrate to the satisfaction of the Board that the establishment is appropriate for the locality, section, or portion of the District where it is . . . located." D.C. Code § 25-313(a). An establishment's effect on "peace, order, and quiet, including the noise . . . provisions set forth in []§ 22-725" is factored into this calculation. *Id.* § 25-

Wang and Chi Cha appeared to resolve their differences over renewal of the alcohol license when they entered into a settlement agreement. Under the terms of that agreement, Wang agreed to withdraw her protest if Chi Cha soundproofed certain areas of its bar (per paragraph two of the settlement),[3] and if Chi Cha agreed to "maintain an open line of communication with [Wang]" and "take reasonable measures . . . to address . . . music emanation issue[s]" that Wang brought to its attention (per paragraph six of the settlement).[4] Chi Cha later demonstrated to the

---

313(b)(2). In addition to its own noise rules, § 22-725(c) incorporates the noise level requirements set forth in 20 D.C.M.R. §§ 2700 *et seq.* (2021).

[3] Paragraph two of the settlement agreement states:

> Chi Cha shall engage Lee Design & Interiors and Mr. John Fiorito to fully perform all items specified in the attached proposal from Lee Design & Interiors, specifically proposal number 100351, taking all reasonable measure[s] for . . . soundproofing the front area of Chi Cha Lounge.

[4] Paragraph six of the settlement agreement states:

> Chi Cha agrees to maintain an open line of communication with [Wang] and will provide [her] with the contact information of the Chi Cha management. Upon notice from [Wang] to Chi Cha management of music emanating from Chi Cha that may be heard in 1624 U Street, NW, Unit 101, Washington, DC, Chi Cha management will be permitted to verify that the noise emanation is from Chi Cha lounge and may be heard in the aforementioned unit. Upon such verification, Chi Cha management will take reasonable measures, as determined by Chi Cha

Board's satisfaction that it performed the required sound proofing work under paragraph two of the settlement agreement, so the Board withdrew Wang's protest and renewed Chi Cha's alcohol license.[5]  Wang disagreed that Chi Cha had fulfilled its end of the bargain and wanted her protest reinstated.  She filed a motion for reconsideration alleging Chi Cha did not perform its obligations under paragraph two because it failed to provide her with proof that it had properly completed the required sound mitigation work.  The Board disagreed, reasoning that Chi Cha was not required to provide her with evidence of its sound mitigation work; it was required only to provide such proof to the Board, which it had done.  Wang appealed, but we affirmed the Board's decision.  *Wang v. District of Columbia Alcoholic Beverage Control Bd.*, No. 18-AA-117, Mem. Op. & J. at 3–4 (D.C. Oct. 18, 2019).

Wang then filed a complaint in D.C. Superior Court, raising the following claims against Chi Cha: (1) breach of paragraph two of the settlement agreement for failure to provide proof of sound mitigation work; (2) breach of paragraph six of the settlement agreement for failure to adequately respond to noise complaints raised by

---

management, on a case by case basis to address the music emanation issue.

[5] "If [the Board] determines that [a] settlement agreement complies with all applicable laws and regulations and the applicant otherwise qualifies for licensure, the Board shall approve the license application."  D.C. Code § 25-446(c).

Wang; (3) private nuisance; and (4) negligence. Chi Cha moved to dismiss under Superior Court Civil Procedure Rule 12(b)(6), contending that Wang had released all claims against Chi Cha via their settlement agreement and, in the alternative, the action was barred by both res judicata and collateral estoppel. Opposing the motion, Wang argued the settlement agreement and past litigation pertained "ONLY to the protest against the liquor license," and therefore did not restrict her "ability to pursue further action against Chi-Cha Lounge . . . outside of the context of protesting the liquor license." The trial court disagreed and granted Chi Cha's motion to dismiss. It concluded the claims were barred by res judicata because the settlement agreement "dealt with the same sound mitigation issue that [Wang] complains about in the instant case."

Wang then filed a combined motion to reconsider and motion to amend her complaint. In her motion to reconsider, Wang conceded that she could not re-raise the question whether Chi Cha breached paragraph two of the settlement agreement by failing to provide her with proof of its sound mitigation efforts. But she reiterated that she was not barred from raising breach of paragraph six of the settlement agreement, negligence, and private nuisance, because those claims had never been litigated. As for the motion to amend, Wang sought to add a claim for emotional harm as well as additional damages for sound mitigation efforts she personally

undertook, and to remove her breach of contract claims. The trial court denied both motions. It found Wang had not identified any mistake of law in its prior order dismissing the matter and that any additional claims added via amendment would be barred by res judicata, and thus futile, because Wang "had sufficient opportunity before the . . . Board to litigate claims relating to noise from [Chi Cha]."

Wang now appeals, challenging the trial court's decision to dismiss her complaint. Her appeal raises the same argument she made to the trial court: that her claims (breach of paragraph six of the settlement agreement, negligence, and private nuisance) have never been litigated and are thus not barred by res judicata. She concedes, however, that she is barred from relitigating her claim that Chi Cha breached paragraph two of the settlement agreement by failing to provide evidence of its sound mitigation work.

## II.

We review dismissals for failure to state a claim de novo. *Kovach v. District of Columbia*, 805 A.2d 957, 960 (D.C. 2002). We likewise review the "application of the doctrines of collateral estoppel and res judicata" de novo. *Whiting v. Wells Fargo Bank*, 230 A.3d 916, 926 (D.C. 2020). Applying each doctrine to the case at

hand, we reverse the trial court's judgment and conclude that neither res judicata nor collateral estoppel precludes Wang from litigating her claims.

## A.

The doctrine of res judicata, sometimes referred to as claim preclusion, prohibits "relitigation of the same claim between the same parties." *Calomiris v. Calomiris*, 3 A.3d 1186, 1190 (D.C. 2010) (quoting *Elwell v. Elwell*, 947 A.2d 1136, 1139–40 (D.C. 2008)). "In considering the applicability of the doctrine, our inquiry focuses on the following questions: (1) whether the claim was adjudicated finally in the first action; (2) whether the present claim is the same as the claim which was raised or which might have been raised in the prior proceeding; and (3) whether the party against whom the plea is asserted was a party or in privity with a party in the prior case." *Patton v. Klein*, 746 A.2d 866, 870 (D.C. 1999). Because we answer the second question in the negative, we conclude that Wang's claims are not barred by res judicata.

The trial court incorrectly found that "there [was] no dispute whether" the claims raised in Wang's complaint were "the same as the claim[s]" brought before the Board. That was very much in dispute. Wang explicitly argued that the proceeding before the Board involved claims that were entirely different from the

ones she raised in her civil complaint. She is right. An administrative protest to the issuance of a license—even if grounded in a noise complaint—is not the same claim as a civil action for private nuisance or negligence for many reasons, not the least of which is that monetary damages are available in the civil suit alone.[6] And a determination that Chi Cha did not breach paragraph two of the settlement agreement says nothing about whether there was a breach of paragraph six. Contrary to the trial court's reasoning, Wang is not relitigating her protest of Chi Cha's license renewal application or the Board's determination that Chi Cha performed sound mitigation in accordance with paragraph two of the settlement agreement. Rather, she is raising

---

[6] It is questionable whether private nuisance is an independent tort in the District, as opposed to simply a theory of damages. *Compare Ortberg v. Goldman Sachs Grp.*, 64 A.3d 158, 165–68 (D.C. 2013) (expressing doubt over private nuisance's viability as a standalone tort, but nevertheless "assuming, without deciding" that our court treats "a private nuisance claim as an independent tort rather than as a type of damage"), *with id.* at 170–75 (McLeese, J., concurring in part and dissenting in part) ("Although I share the court's view that our decisions addressing the tort of private nuisance are far from clear, I would conclude that the better reading of those decisions is that private nuisance exists as an independent tort."). As for Wang's negligence claim, she seems to tie the claim to Chi Cha's breach of paragraph six of the settlement agreement. It is well established in the District that a "tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship." *Choharis v. State Farm Fire and Cas. Co.*, 961 A.2d 1080, 1089 (D.C. 2008). As far as we can tell, Wang's negligence and contract claims are inextricably intertwined and would thus run afoul of the rule espoused in *Choharis*. But the viability of Wang's private nuisance and negligence actions is not before us and was not argued in Chi Cha's motion to dismiss, so we say no more on the matter.

claims that arose out of Chi Cha's alleged noise disturbances, including a breach of contract claim that is based on Chi Cha's failure to respond to noise complaints made long after the Board proceedings had concluded.[7]

Dismissal of those claims may nonetheless have been warranted—be it under res judicata or as a contractual matter—had the settlement agreement precluded Wang from pursuing civil actions against Chi Cha in exchange for its sound mitigation work. But it did not. The release provision is singularly focused on Wang's ability to "protest" Chi Cha's liquor license application. The release provision states:

> **Dismissal of Protest in Perpetuity.** Upon the full completion of all work specified in the aforementioned proposal, [Wang] agrees to the dismissal *of her protest* against Chi Cha, agrees never to file *another protest* against Chi Cha and waives all rights for *any future protests* against Chi Cha. [Wang] agrees that the ABC

---

[7] It may be that Wang should raise this claim with the Board in the first instance, as it has its own process for handling licensees who fail to adhere to their settlement agreements. *See* D.C. Code § 25-823(a)(6); D.C. Code § 25-446(e) ("Upon a determination that a licensee has violated a settlement agreement, the Board shall penalize the licensee according to the provisions set forth for violations of a license in Chapter 8 of this title."); D.C. Code § 25-446(c) ("[T]he settlement agreement shall be enforceable by the Board."). Typically, "[w]here a statute provides an administrative forum to resolve disputes, the prescribed administrative remedy must be exhausted before judicial relief may be sought." *Kovach*, 805 A.2d at 961. This argument, however, was neither the basis advanced for dismissal nor the one adopted by the trial court.

> Board is given full authority to dismiss this *and any future protests* [Wang] or her successors and assigns may file against Chi Cha Lounge upon the full completion of all work specified in the aforementioned and attached proposal. Full completion to be solely certified by Lee Design and Interior. [Emphases added]

The provision, as its caption indicates, precludes only further protests with the Board. Nowhere does it purport to preclude Wang from pursuing a civil action against Chi Cha for damages caused by its alleged noise violations. Nor does it bar Wang from bringing a breach of contract claim for failure to comply with paragraph six of the settlement agreement, which requires Chi Cha to "take reasonable measures" to respond to Wang's noise complaints.

It is possible the trial court meant to say not that the *claims* were the same but that the underlying "factual nucleus" was the same, so the actions Wang now raises should have been brought together in one proceeding. *Patton*, 746 A.2d at 870. After all, the doctrine of res judicata "operates to bar in the second action not only claims which were actually raised in the first, but also those arising out of the same transaction which could have been raised." *Id.* But that nuance is of no help to Chi Cha here.

For starters, Wang's surviving breach of contract claim was not "ripe for adjudication" until after the Board proceedings concluded in January 2018, *Elwell*,

947 A.2d at 1140, so it could not have been raised at the proceeding before the Board. The factual basis for her claim that Chi Cha breached its obligations under paragraph six of the settlement agreement stems from a letter she wrote to Chi Cha in March 2019—complaining of forty-six noise violations between March and May of 2018—to which she contends Chi Cha was not responsive. That claim could not have been brought during the Board proceedings—it post-dated them—and it therefore cannot be barred by res judicata. *See id.* ("[T]he condition precedent to exercising [a contractual right] had not been satisfied" so the claim was not "ripe for adjudication at the time" and thus could not be barred by res judicata); *Kovach*, 805 A.2d at 961 (claim not barred by res judicata because "the challenged decision occurred five months after [the first] adjudication and [thus] could not possibly have been raised" in the prior adjudication).[8]

---

[8] Wang suggests in her reply brief that she has a cause of action against Chi Cha for its failure to comply with its sound mitigation obligations under paragraph two of the settlement agreement because Chi Cha's contractor was not properly licensed in the District to perform the sound mitigation work. We do not consider this argument for several reasons: (1) it was not alleged in Wang's complaint; (2) it was not raised before the trial court; and (3) it was not raised in Wang's opening brief. Even if it were properly raised, it would be barred by res judicata since Wang could have raised the argument in the proceedings before the Board but did not do so in a timely manner. *See Shin v. Portals Confederation Corp.*, 728 A.2d 615, 618 (D.C. 1999) ("The doctrine bars relitigation 'not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented.'") (quoting *Cromwell v. Cty of Sac*, 94 U.S. 351, 353 (1877)) (emphases omitted).

As for Wang's negligence and private nuisance claims, while both seemingly relate to Wang's initial noise complaint submitted to the Board—and thus stem from the same "factual nucleus" as the protest—Wang could not have brought them before the Board either. Both claims are civil actions for monetary damages that a private party is not permitted to raise before the Board. At most, Title 25 permits the Board to impose civil penalties upon a licensee, *see* D.C. Code § 25-830, which are remitted not to the protesting party, but to the General Fund of the District of Columbia, *id.* § 25-830(h). It is thus wrong to say Wang was afforded the opportunity to litigate these claims before the Board and simply chose not to.

Nor could she have brought all of her claims in D.C. Superior Court in the first instance. The existence of an administrative remedy—via challenging the renewal application before the Board, D.C. Code § 25-601(a)(1)(A)—would have prevented her from seeking an injunction to prohibit the Board from renewing Chi Cha's liquor license. *See District of Columbia v. Grp. Ins. Admin.*, 633 A.2d 2, 20 (D.C. 1993) ("It is a well-established doctrine that where a statute provides an administrative forum to resolve disputes, no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.") (internal quotations omitted) (quoting *Dano Res. Recovery, Inc. v. District of Columbia*, 566 A.2d 483, 485 (D.C. 1989)). In other words, there was

not a single forum that could have heard all of Wang's claims. *See Hurd v. District of Columbia*, 864 F.3d 671, 679 (D.C. Cir. 2017) ("Preclusion is designed to limit a plaintiff to one bite at the apple, not to prevent even that single bite."); *see also* Restatement (Second) of Judgments § 26(1)(c) (1982) (claim splitting is generally permitted where "[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts").

Chi Cha counters that its res judicata argument is supported by *Molovinsky v. Monterey Coop., Inc.*, 689 A.2d 531 (D.C. 1996), and in the trial court it additionally stressed *Osei-Kuffnor v. Argana*, 618 A.2d 712 (D.C. 1993). Neither case is on point. In both cases, the appellant first chose to litigate an action in small claims court and then tried to bring a second action in D.C. Superior Court; we determined each second action was barred by res judicata. *Molovinsky*, 689 A.2d at 533; *Osei-Kuffnor*, 618 A.2d at 715. Unlike those cases, Wang did not choose to bring the initial action at all and so she did not choose the forum. She merely responded to a process (the liquor license protest process) in a forum (the Board) that Chi Cha initiated. *See Shin v. Portals Confederation Corp.*, 728 A.2d 615, 620 (D.C. 1999) (noting appellant would not be claim precluded from recovering civil damages for claims he could not pursue in an action brought by another party in landlord-tenant

court).  And as previously noted, her surviving claims could not have been brought in the Board proceedings in any event; the factual nucleus of one (breach of paragraph six) had not yet arisen and the Board was not a forum where Wang could have litigated her tort claims.  *See Hurd*, 864 F.3d at 679 (noting inapplicability of *Osei-Kuffner* and *Molovinsky* "where *no* damages whatsoever were available in the first action").

Because Wang's surviving breach of contract claim, as well as her private nuisance and negligence claims, were not raised—nor could they have been raised—in the proceeding before the Board, res judicata does not bar Wang from raising them now.

**B.**

"Even where *res judicata* is inapplicable, collateral estoppel"—otherwise known as issue preclusion—"may bar relitigation of the issues determined in a prior action."  *Patton*, 746 A.2d at 870.  At the outset, we note that it is unclear whether the trial court dismissed Wang's suit purely on res judicata grounds or whether it also found collateral estoppel barred her from relitigating issues necessary to maintaining her claims.  The court seemed to conflate the two doctrines—referring to collateral estoppel as just another term for res judicata—without distinguishing

between the two. Because it is unclear whether the trial court thought collateral estoppel also barred Wang's claims, we think it prudent to explain why it does not.

Collateral estoppel "renders conclusive in the same or a subsequent action determination of an issue of fact or law when (1) the issue is actually litigated and (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; (4) under circumstances where the determination was essential to the judgment, and not merely dictum." *Davis v. Davis*, 663 A.2d 499, 501 (D.C. 1995) (quoting *Wash. Med. Ctr. v. Holle*, 573 A.2d 1269, 1283 (D.C. 1990)). Wang is not collaterally estopped from relitigating any issues necessary to maintaining her claims. Any argument to the contrary falters at the first two steps of the test set forth above: none of the issues underlying her current claims was previously resolved via litigation between the parties.

We begin with Wang's surviving breach of contract claim under paragraph six. As part of its obligations under the settlement agreement, Chi Cha agreed to "take reasonable measures . . . on a case by case basis to address . . . music emanation issues[s]" brought to its attention by Wang. Wang alleged in her complaint, as well as in her opposition to Chi Cha's motion to dismiss, that Chi Cha failed to comply

with this provision of the settlement. This claim was not part of the proceeding before the Board, and understandably so given that this particular breach had yet to occur. Since it was never addressed by the Board, the essential issue of whether Chi Cha failed to perform its obligations under paragraph six of the settlement agreement has never been litigated. Accordingly, it cannot be barred under the doctrine of collateral estoppel.[9]

As for Wang's private nuisance and negligence claims, the Board did not decide any disputed issues relating to those claims that might be given preclusive effect against Wang. Perhaps it would have had the matter proceeded to a full hearing and the Board had to confront the dispute between the parties about whether Chi Cha's noise levels adversely impacted Wang. *See* D.C. Code § 25-313(b)(2). But it did not confront that issue because the parties settled their dispute before the Board had any opportunity to adjudicate it.

The decision to settle is crucial to our analysis. As we emphasized recently, "settlement agreements ordinarily occasion no issue preclusion" unless the parties

---

[9] While we conclude that Wang's surviving breach of contract claim is not barred by res judicata or collateral estoppel principles, we do not opine on whether any of Wang's claims are otherwise viable under the Rule 12(b)(6) standard.

so intended. *Whiting*, 230 A.3d at 926 (quoting *Arizona v. California*, 530 U.S. 392, 414 (2000)) (brackets and emphasis omitted). In other words, where a settlement agreement is involved, the question is "whether by their agreement the parties not only intended to terminate the litigation of claims but also intended to determine finally the issues . . . presented." *Whiting*, 230 A.3d at 926 n.16 (quoting *United States v. Spicer*, 155 B.R. 795, 804 (Bankr. D.D.C. 1993)). The parties expressed no such intention in the settlement agreement. Nowhere in the four corners of the settlement does it state the parties agreed that Chi Cha's noise levels were permissible. If anything, the settlement agreement evidences Chi Cha's acknowledgement that its noise levels were too high given its agreement to perform sound mitigation work. Chi Cha presents no argument to the contrary. In fact, it appears to have abandoned its argument on appeal that Wang's claims were barred by collateral estoppel, opting instead to rely solely on the doctrine of res judicata. We thus conclude that Wang's private nuisance and negligence actions are not barred by collateral estoppel.[10]

---

[10] Wang does not argue the trial court should have granted her motion to amend, so we do not address that question. Her attempt to amend came in the wake of the trial court's dismissal order and—in light of our vacatur of that order—she may no longer wish to drop her claim that Chi Cha breached paragraph six of their settlement agreement. Finally, because we conclude the trial court erred in dismissing Wang's complaint, we do not address the trial court's denial of her motion for reconsideration.

## III.

The Superior Court's dismissal order is vacated and the matter is remanded for further proceedings consistent with this opinion.

*So ordered.*