Samuel N. FRANCO, et al., Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

Samuel N. Franco, Appellant,

v.

District of Columbia, Appellee.

Nos. 11–CV–734, 11–CV–1409.

District of Columbia Court of Appeals.

Argued Jan. 26, 2012.
Decided March 15, 2012.

Ralph Werner, Washington, DC, for appellants.

Carl J. Schifferle, Assistant Attorney General, with whom Irvin B. Nathan, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, Donna M. Murasky, Deputy Solicitor General, William D. Burk, Chief, Land Acquisition and Bankruptcy Section, and Edward P. Henneberry, Assistant Attorney General, were on the brief, for appellee.

Before FISHER and THOMPSON, Associate Judges, and BELSON, Senior Judge.

BELSON, Senior Judge:

Appellants [1] bring these appeals of an order granting the District of Columbia ("District") partial summary judgment, an order granting the District's motion for possession of property, an order rejecting appellants' assertion of lack of subject-matter jurisdiction, and an order denying a motion to compel discovery.[2] For the reasons set out below, we affirm the orders entered by the trial court.

## I. Factual and Procedural Background

The relevant facts have been recounted by this court twice before, *see Franco v. National Capital Revitalization Corp.*, 930 A.2d 160, 162–64 (D.C.2007) (hereinafter *"Franco I"*) and *Franco v. District of*

---

1. On July 8, 2005, the National Capital Revitalization Corporation ("NCRC") filed a complaint against appellant Samuel N. Franco to condemn real property. On August 3, 2010, the District of Columbia, which succeeded NCRC as plaintiff, filed a third amended complaint, adding Allan Franco and Nathan Franco as defendants.

2. The order granting partial summary judgment was docketed on April 12, 2010. The order rejecting appellants' assertion of lack of subject-matter jurisdiction was docketed on May 24, 2011. An order by the trial judge that those two orders "together constitute a final ruling on all remaining issues in this matter between all parties ..." was docketed on June 14, 2011.

*Columbia,* 3 A.3d 300, 302–03 (D.C.2010). We will describe them only briefly here, along with the relevant procedural history. On July 8, 2005, the National Capital Revitalization Corporation ("NCRC") filed a complaint in Superior Court to condemn real property in the Skyland Shopping Center, located at 2648 Naylor Road, S.E. in the District of Columbia. Appellant Samuel N. Franco, the record title holder of the property, leased this property to D Mart, Inc., which he solely owned, to operate a store, "Discount Mart." Appellant Samuel N. Franco filed an answer and counterclaim in which he asserted several defenses, including that the taking was for a private use and that the declared public purpose for the condemnation was pretextual. The NCRC filed a motion to strike all of the defenses, which the trial judge granted.

In *Franco I,* this court affirmed the striking of all but one of these affirmative defenses. 930 A.2d at 167. We concluded that the pretext defense was not foreclosed by the Supreme Court's decision in *Kelo v. City of New London,* 545 U.S. 469, 125 S.Ct. 2655, 162 L.Ed.2d 439 (2005). We reversed and remanded because the trial judge had not considered appellant's specific factual allegations, which were misleadingly contained in the section entitled "counterclaims." We instructed that the inquiry into whether or not a project was approved for pretextual reasons should focus on whether or not the project was designed to meet the purported public purpose, not on the subjective motivations of the legislature or officials involved in the project. *Franco I,* 930 A.2d at 173–74. Finally, we emphasized "that further proceedings, including discovery, should honor the 'longstanding policy of deference to legislative judgments' concerning the public purpose of a taking." *Id.* at 175.

On October 1, 2007, the NCRC was dissolved and the District of Columbia was substituted as plaintiff on remand. The District filed a motion for partial summary judgment pursuant to Super. Ct. Civ. R. 56, and appellant Samuel N. Franco filed a preliminary opposition to this motion. Appellant sought additional time to conduct broad discovery so that he could prepare a full opposition to the summary judgment motion and establish his pretext defense. The trial judge approved the taking of four depositions initially, later approving another four, and also granted a number of extensions to the discovery period.

In May 2009, appellant Samuel N. Franco moved for another extension to the discovery period and to compel additional document production. Appellant alleged that the District had agreed to produce, but had not produced, a number of documents, including drafts of the legislation related to Skyland Shopping Center,[3] communications between NCRC and the District, and communications between the Mayor and the Council. The District had, at this point, produced seventy-four banker's boxes of documents and the District's Office of the Chief Technology Officer submitted an affidavit to the trial judge detailing his efforts to recover all the requested e-mails. The trial judge denied the motion to compel, and twice denied motions to reconsider, but permitted additional extensions of the discovery period. The trial judge further allowed appellant to re-open four depositions, including the deposition of Mayor Anthony Williams. In total, the

---

**3.** The Skyland Legislation was signed by Mayor Anthony Williams on December 29, 2004, and the act became law after the Congressional review period ended on April 5, 2005. National Capital Revitalization Corporation Eminent Domain Approval Amendment Act of 2004, D.C. Law 15–286.

discovery period was extended for close to two years.

On March 22, 2010, after the close of discovery, appellant Samuel N. Franco filed a supplemental opposition to the District's 2008 motion for partial summary judgment, including a supplemental statement of material facts in genuine dispute. On April 12, 2010, the trial judge granted the District's motion for partial summary judgment. On August 3, 2010, the District filed a third amended complaint, amended notice of condemnation, and amended declaration of taking. The amended complaint added as defendants Allan Franco and Nathan Franco, co-partners with Samuel N. Franco in D Mart, Inc., which leased the property in question. The District also filed a motion for possession and other affirmative relief, which appellants opposed. Appellants answered the third amended complaint, alleging five affirmative defenses, including that the trial court lacked subject-matter jurisdiction over the condemnation action. On May 24, 2011, "after an exhaustive review of the record," the trial judge granted a motion to strike all of appellants' affirmative defenses to the third amended complaint. Finally, on September 24, 2010, pursuant to the parties' oral stipulation to the trial judge that they had reached a settlement in the case as to the amount of just compensation to be paid, the trial judge granted the District's motion for possession and ordered that appellants vacate the property no earlier than May 1, 2011, or thereafter within ninety days of written notice. A motion for reconsideration was denied on December 20, 2010.

## II. Subject–Matter Jurisdiction

■ On appeal from these orders, appellants argue first that the trial judge erred in rejecting the contention that the Superior Court lacked subject-matter jurisdiction over the condemnation action.

Appellants allege that the trial court lacked subject-matter jurisdiction because (1) the Skyland legislation was not enacted for a public use or purpose, (2) the Skyland project is not an authorized municipal use for which the site may be taken by eminent domain, (3) the District of Columbia Council exceeded its authority in enacting the Skyland Act, and (4) the Council's actions in enacting the Skyland Act were *ultra vires*. Our review of challenges to the trial court's subject-matter jurisdiction over an action is *de novo*. *Grayson v. AT & T Corp.*, 15 A.3d 219, 228 (D.C.2011). We hold that appellants' contention is without merit.

■ Appellants confuse subject-matter jurisdiction with the merits of the action. The Superior Court's authority to review the allegedly illegal exercise of eminent domain is clearly established. D.C.Code § 11–921(a)(3)(A)(ii) (2001); D.C.Code § 16–1303 (2001); D.C.Code § 16–1311 (2001). Contrary to appellants' assertions, this court in *Franco I* did not resolve the question of the merits of the pretext defense. But even if appellants' allegation that the Council authorized the illegal exercise of eminent domain under false pretext proved meritorious, this invalid purpose would not defeat or modify the Superior Court's jurisdictional authority. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case."). This court has also previously rejected appellants' argument related to the meaning of "authorized municipal use" under D.C.Code § 16–1311. *Franco I,* 930 A.2d at 167 n. 7 ("Another defense asserted that the condemnation violated

D.C.Code § 16–1311, because Mr. Franco's land was not 'needed' for any 'authorized municipal use.' On appeal, he acknowledges that the defense is 'subsumed in and dependent upon the answer to … whether the taking is for a public purpose.' If any part of this defense is not redundant, it lacks a legal foundation."); *see also Thoubboron v. Ford Motor Co.*, 809 A.2d 1204, 1215 (D.C.2002) ("absent exceptional circumstance, law of case doctrine precludes reexamination of issue raised on a prior appeal").

■ Contrary to appellants' argument, the D.C. Council did not exceed its authority in enacting the Skyland Act. The Council passed the Skyland Act on December 7, 2004. The Mayor signed the legislation on December 29, 2004, and the Act became law after the Congressional review period ended on April 5, 2005. *See* D.C.Code §§ 1–203.02, –206.02(c)(1) (2001); *Jackson v. District of Columbia Bd. of Elections & Ethics*, 999 A.2d 89, 95 (D.C.2010), *cert. denied*, —— U.S. ——, 131 S.Ct. 1001, 178 L.Ed.2d 827 (2011). Nor did the Council exceed its authority when it removed the requirement that Congress authorize the specific municipal uses for which the District may condemn property. That requirement was eliminated when the D.C. Council enacted the Street and Alley Closing and Acquisition Act of 1982, D.C. Law 4–201 § 501 (1983). In 1987, the D.C. Council enacted the Technical Amendments Act of 1987, D.C. Law 7–104 (1988), repeating this change. Both acts were submitted to Congress in accordance with the Home Rule Act, and became law following the Congressional review period. D.C.Code §§ 1–203.02, –206.02.

Accordingly, the trial judge did not err in striking appellants' allegation of lack of subject-matter jurisdiction because the trial court's jurisdiction over the condemnation action was clearly established.

### III. Summary Judgment

■ Appellants argue next that the trial judge erred in granting the District's motion for partial summary judgment. Appellants allege that there is a genuine issue of material fact as to whether the D.C. Council could rationally have approved the Skyland Act on the basis of (1) economic development or (2) blight. We review an order granting summary judgment *de novo*. *Hamilton v. Howard Univ.*, 960 A.2d 308, 313 (D.C.2008). A party is entitled to summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Super. Ct. Civ. R. 56(c). "While we examine the evidence in the light most favorable to the party opposing the motion, 'conclusory allegations by the nonmoving party are insufficient to establish a genuine issue of material fact or to defeat the entry of summary judgment.'" *Howard*, 960 A.2d at 313 (internal brackets omitted).

■■ First, we note that the District need only show that the D.C. Council approved the Skyland legislation for the purpose of economic development in order to defeat the allegation of pretext. *Kelo*, 545 U.S. at 483–84, 125 S.Ct. 2655. Second, we reiterate the standard of deference to the legislative decision to which we are bound. *Berman v. Parker*, 348 U.S. 26, 33, 75 S.Ct. 98, 99 L.Ed. 27 (1954). In *Franco I*, we left open the possibility of a trial on the issue of pretext, but following the prolonged discovery period, appellants have not shown that there remains a triable case regarding the issue of pretext. In his own supplemental opposition, appellant Samuel N. Franco states that the Skyland project was viewed as an econom-

ic development project. The record clearly reflects that the D.C. Council could rationally have approved the legislation on the basis of economic development. The D.C. Council's Committee on Economic Development reported on testimony it heard of the insufficient retail opportunities in the neighborhood, the likelihood that a redeveloped shopping center would be able to capture a significant portion of sales lost to other jurisdictions, and the potential to spur job creation and additional tax revenue. The NCRC reported to the Committee that the redeveloped shopping center would have a catalytic effect and would energize local economic development and attract residents to the community. The Office of the Deputy Mayor for Planning and Economic Development explained how the redevelopment of the Skyland site would complement other ongoing or planned investments in the area.

In *Kelo,* the Supreme Court remarked that "[t]here is no allegation that any of these properties is blighted or otherwise in poor condition; rather, they were condemned only because they happen to be located in the development area." 545 U.S. at 475, 125 S.Ct. 2655. Despite the fact that there was no evidence of blight, the Court held that a city's decision to take property for the purpose of economic development satisfies the "public use" requirement of the Fifth Amendment. *Id.* at 484, 125 S.Ct. 2655. The Court deferred to the legislature's determination that the area was sufficiently distressed to justify a program of economic rejuvenation. *Id.* at 483–84, 125 S.Ct. 2655. So, in this case, we defer to the D.C. Council's determination, fully supported by the record, that the Skyland Shopping Center was sufficiently distressed to justify a program of economic development.

Appellants' argument rests in part on the allegation that the D.C. Council could not rationally have believed that economic development would be successful or that a big box, upscale anchor tenant could be secured for that neighborhood. However, the Supreme Court in *Kelo* specifically rejected a rule that would "require a reasonable certainty that the expected public benefits will actually accrue." *Id.* at 487–88, 125 S.Ct. 2655 (internal quotation marks omitted); *see also Hawaii Hous. Auth. v. Midkiff,* 467 U.S. 229, 242, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984) ("But 'whether *in fact* the provision will accomplish its objectives is not the question: the [constitutional requirement] is satisfied if … the … [state] Legislature *rationally could have believed* that the [Act] would promote its objective.' "). The fact that a private company developed the plan is also immaterial. *See Franco I,* 930 A.2d at 172 ("[T]he government may rely on a private entity to implement its public purpose."). Finally, we are satisfied that the record reflects that the Skyland project was "executed pursuant to a 'carefully considered' development plan," *Kelo,* 545 U.S. at 478, 125 S.Ct. 2655, and appellants' allegation of private benefit is by itself insufficient to invalidate the Council's valid public purpose. *Id.* at 485, 125 S.Ct. 2655 ("Quite simply, the government's pursuit of a public purpose will often benefit individual private parties."); *Franco I,* 930 A.2d at 172 ("[W]e do know that promoting economic development is a valid public purpose and that it is not enough for the protesting landowner to demonstrate that private parties will benefit from the project.").

Accordingly, we hold that the trial judge did not err in granting the District's motion for partial summary judgment, because the record clearly reflects that the D.C. Council could rationally have approved the Skyland Act on the basis of economic development.

## IV. Motion to Compel Discovery

 We review the denial of a motion to compel discovery for abuse of discretion resulting in prejudice. *So v. 514 10th St. Assocs., L.P.*, 834 A.2d 910, 914 (D.C.2003). "The trial court has broad discretion to weigh the factors in deciding whether discovery should be compelled." *Phelan v. City of Mount Rainier*, 805 A.2d 930, 942–43 (D.C.2002) (internal quotations omitted). In this case, the trial judge extended the discovery period for almost two years and permitted appellant to depose a number of government officials, including Mayor Williams. The District produced seventy-four banker's boxes of documents, and the District's Office of the Chief Technology Officer submitted an affidavit to the trial judge detailing his efforts to recover all the requested e-mails. The trial judge held two hearings regarding discovery, including an extensive hearing on September 3, 2009, where the parties presented their arguments regarding the motion to compel the production of e-mails. At the conclusion of the hearing, the trial judge stated: "I cannot find based on the record at this point that there were any e-mails that were, other than the e-mails that you have, that are retrievable by the Government.... I cannot find based on this record that there is an inadvertent or deliberate attempt on the part of the District to hide e-mails." We discern no basis for disturbing the court's factual findings and hold that the trial judge did not abuse her discretion in denying appellant's motion to compel.

## V. Motion for Possession of Property

We review the decision to grant immediate possession of condemned property for abuse of discretion. *Franco I*, 930 A.2d at 166. Through declarations of taking, the District acquired title to appellants' property in 2005, and acquired the leasehold interest in the adjoining property in August 2010. In light of the court's ample power to grant possession of property in condemnation actions, *see* D.C.Code § 16–1316 (2001), we affirm the order granting the possession in this case.

*So ordered.*