Dale Curtis HOGUE, Sr., Appellant,

v.

Donald J. HOPPER, et al., Appellees.

No. 97–CV–1984.

District of Columbia Court of Appeals.

Argued Oct. 27, 1998.

Decided April 22, 1999.

---

Walter G. Birkel, Washington, DC, for appellant.

Dale Curtis Hogue, Sr. filed a brief and a reply brief pro se.

William J. Carter, with whom Jan E. Simonsen, Washington, DC, was on the brief, for appellees.

Before WAGNER, Chief Judge, and SCHWELB and REID, Associate Judges.

SCHWELB, Associate Judge:

In this action brought by Dale C. Hogue, Sr., an attorney, against Donald J. Hopper, a certified public accountant,[1] alleging professional negligence, breach of fiduciary duty, and breach of contract, the trial judge sustained Hopper's defense of collateral estoppel and granted summary judgment in Hopper's favor. On appeal, Hogue contends that the doctrine of collateral estoppel was erroneously applied. We affirm in part, reverse in part, and remand.

## I.

From July 1993 to June 1994, Hogue was a partner in the law firm of Mason, Fenwick & Lawrence (MFL). On June 30, 1994, MFL merged with the law firm of Popham, Haik, Schnobrick & Kaufman (PHSK), which acquired most of MFL's assets. MFL ceased to exist.

A dispute arose between Hogue and PHSK as to the amounts to which Hogue was entitled upon the winding up of MFL. Hogue claimed that MFL had not rendered him an accounting for his share of the partnership assets; that MFL had filed, to Hogue's detriment, an improperly prepared 1994 partnership tax return; that MFL had not paid Hogue compensation due to him as a partner; and that he was entitled to unpaid pension benefits, a bonus, and other items. Hogue also claimed that an item which MFL treated as a $50,000 loan to Hogue was in fact an advance payment of compensation, and that he was not liable for that amount.

In conformity with an agreement between the partners, Hogue's claim was submitted to arbitration. On May 28, 1996, the arbitrator issued a brief written decision in which he rejected most of Hogue's claims and held, *inter alia*, that Hogue was not entitled to an additional accounting or to the additional compensation requested by him. The arbitrator also denied Hogue's claim with respect to the 1994 income tax return, and he made a substantial award to the law firm on its counterclaim, which was largely based on the disputed $50,000 loan.

On May 5, 1997, Hogue filed a motion in the Superior Court to set aside the arbitrator's award. On August 13, 1997, the trial judge denied Hogue's motion. On July 1, 1998, this court affirmed the trial judge's order in an unpublished memorandum opinion and judgment. *Hogue v. Popham, Haik, Schnobrick & Kaufman,* No. 97–CV–960 (D.C. July 1, 1998).

Meanwhile, on November 14, 1996, Hogue brought the present action against Hopper. Hopper had been retained by MFL to provide accounting services in connection with the merger, and he had testified before the arbitrator as a witness for MFL. Hogue alleged that Hopper audited and prepared MFL's year-end balance sheets and income statements and prepared the partnership's income tax return, and that Hopper carried out these tasks in an unprofessional manner and to Hogue's substantial detriment. Hogue also alleged that, prior to the merger, Hopper had made incorrect representations to Hogue regarding the tax consequences and other consequences of the proposed merger, and that

> [a]s a proximate result of [Hopper's] failure to follow generally accepted accounting principles, in violation of his duties as a certified public accountant, and his obligations to [Hogue], [Hogue] suffered damages in the sum of $365,000 in making business decisions based on [Hopper's] statements and reports.

Hopper filed a motion for summary judgment, arguing that all of Hogue's claims against him were precluded by the arbitrator's decision. Agreeing with Hopper, the judge granted the motion.

## II.

■ In order to prevail on a motion for summary judgment, Hopper must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* Super. Ct. Civ. R.

---

1. Hogue also joined as a defendant Hopper's firm, Hopper and Frothingham P.C. We refer to the defendants collectively as Hopper.

56(c); *Colbert v. Georgetown Univ.*, 641 A.2d 469, 472 (D.C.1994) (en banc). The record must be viewed in the light most favorable to Hogue, and our review is *de novo. Colbert*, 641 A.2d at 472.

■ In the trial court, and again on appeal, Hopper relies on the defense of collateral estoppel (or "issue preclusion"). That doctrine bars relitigation of an issue when "(1) the issue is actually litigated[;] ... (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; [and] (4) under circumstances where the determination was essential to the judgment, and not merely dictum." *Washington Med. Ctr. v. Holle*, 573 A.2d 1269, 1283 (D.C.1990). If an issue has been actually decided in the earlier litigation, and if the other elements of the doctrine of issue preclusion have been satisfied, then that doctrine may be invoked defensively by one who was not a party to the prior case. *See, e.g., Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Jackson v. District of Columbia*, 412 A.2d 948, 952 (D.C. 1980). Collateral estoppel applies not only to judicial adjudications, but also to determinations made by agencies other than courts, when such agencies are acting in a judicial capacity. *See District Intown Properties, Ltd. v. District of Columbia Dep't of Consumer & Regulatory Affairs*, 680 A.2d 1373, 1378 n. 7 (D.C.1996) (citations omitted). "A party whose claims have been decided in arbitration may not then bring the same claims under new labels." *Schattner v. Gir-*

ard, *Inc.*, 215 U.S.App.D.C. 334, 336, 668 F.2d 1366, 1368 (1981) (per curiam) (citation omitted).

■ In the present case, Hogue seeks to demonstrate, *inter alia*, that as a result of Hopper's wrongful conduct, Hogue received less than his due following the windup of MFL. As in the arbitration proceeding, Hogue claims, *inter alia*, that the partnership's 1994 income tax return was improperly prepared, that he was short-changed with respect to his partnership interest, pension rights, and bonus, and that $50,000 in advance compensation was inaccurately carried as a loan to him. Hogue now ascribes these alleged wrongs to Hopper's allegedly improper accounting practices, essentially on the theory that Hopper's advice and actions led MFL into error.

The arbitrator has ruled, however, that Hogue did not receive less than his due in the windup of MFL,[2] and this court has affirmed the trial judge's decision not to vacate the arbitrator's award.[3] Under these circumstances, we conclude that the doctrine of collateral estoppel was correctly applied to those allegations in Hogue's complaint that relate to the winding up of MFL, and that summary judgment was properly granted as to those claims.

### III.

Although much of Hogue's lawsuit against Hopper is addressed to issues which were decided against Hogue by the arbitrator, he has made other claims as well. He claims in

---

2. We agree in this regard with the following passage from Hopper's brief on appeal:

> Had there been any wrongdoing or mistake in MFL's accounting regarding the merger with PHSK, in favor of Mr. Hogue, he would have received an award accordingly in the arbitration proceeding. He did not receive any such award. Instead, the arbitrator specifically found no mistake in the accounting and specifically denied Mr. Hogue's claim against MFL in connection with the preparation of its partnership tax return. Clearly, a finding in favor of the defendants in the arbitration on the accounting issue was necessary to a ruling awarding Mr. Hogue nothing on those claims. Since his claim was denied by the arbitrator, he should not be allowed to relitigate it here, on the same facts. The crux of the arbitration was the work done by defendant Hopper on

behalf of MFL. Thus, even though the claim made here is a "new" one, it should be precluded. Evidence which supported the present allegations has already been presented in the arbitration, and the facts have been determined.

3. On March 19, 1998, the trial judge in *Hogue v. Popham, Haik.* denied a motion to confirm the arbitration award, presumably because the appeal from the judge's denial of the motion to vacate the award was still pending. The record does not disclose whether an order confirming the award has now been issued, but the legal validity of the arbitration award has been conclusively established by this court's MOJ. *See* D.C.Code § 16–4311(d) (1997).

his complaint that he relied to his detriment on allegedly unprofessional advice provided to him by Hopper before the merger. In an affidavit filed in opposition to Hopper's motion for summary judgment, Hogue unambiguously asserts that some of the representations by Hopper of which Hogue complains were allegedly made directly to Hogue:

> Hopper specifically advised me that the merger would have minimal if any tax consequences and that I would receive a distribution from the assets of MFL.
>
> Hopper further advised me that I would have no further liability and that there were sufficient retained assets to cover liabilities.

Hogue claims in his brief that, at least in part, "[t]his lawsuit is for [Hopper's] malpractice in the pre-merger period, in which he advised Mr. Hogue concerning the tax and financial consequences of the merger."

Hopper has not demonstrated that Hogue's claims regarding Hopper's alleged pre-merger representations to Hogue were before the arbitrator, and he therefore has not shown that the arbitrator decided these claims adversely to Hogue. "Issue preclusion does not apply when the issues in the prior and current litigation are not identical, even though [they are] similar." *Hutchinson v. District of Columbia Office of Employee Appeals,* 710 A.2d 227, 236 (D.C.1998) (quoting 18 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 132.02[2][a] (3d ed.1997)). Hopper has the burden of showing that any issue in the present litigation as to which he seeks preclusion is identical to one that was decided by the arbitrator, and "if the basis of the

[arbitrator's] decision is unclear, and it is thus uncertain whether the issue was actually and necessarily decided in [the arbitration proceeding], then relitigation of the issue is not precluded." *Connors v. Tanoma Mining Co.,* 293 U.S.App.D.C. 286, 288, 953 F.2d 682, 684 (1992) (citations omitted). Hopper therefore is not entitled to summary judgment with respect to Hogue's claims of wrongful pre-merger representations by Hopper.

### IV.

For the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part. The case is remanded for further proceedings consistent with this opinion.

*So ordered.*[4]

---

4. In the trial court, Hopper contended that, aside from the issue of collateral estoppel, he was entitled to summary judgment because his contract was with MFL and not with Hogue, and because he therefore owed no duty to Hogue. The trial judge granted summary judgment on collateral estoppel grounds, and she did not reach Hopper's alternative contention. In his brief in this court, Hopper has not identified as a question presented on appeal the existence or non-existence of a duty allegedly owed by Hopper to Hogue. Although Hopper has briefly touched on the point, he has not asked us to affirm the judgment on a ground not addressed by the trial judge.

Insofar as Hogue complains of wrongful representations allegedly made by Hopper directly to

Hogue, we conclude, at least on this record, that Hogue has a right of action. An accountant may be held liable to stockholders of a closely held corporation if the accountant knew (or, arguably, if he should have known) that the stockholders would rely on the accountants' representation. *See, e.g., Coleco Ind. v. Berman,* 423 F.Supp. 275, 309–10 (E.D.Pa.1976), *aff'd in pertinent part,* 567 F.2d 569 (3d Cir.1977); *White v. Guarente,* 43 N.Y.2d 356, 401 N.Y.S.2d 474, 372 N.E.2d 315, 319 (1977) (limited partner). "The requirement [for attorney liability] is that [the plaintiff] justifiably and detrimentally relies on the attorney's undertaking," RONALD E. MALLEN, ET AL., LEGAL MALPRACTICE § 8.2, at 557 (4th ed.1996); *see also id.,* § 74, at 496, and we discern no reason to treat accountants differently.