**Samuel N. FRANCO, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 09–CV–204.

District of Columbia Court of Appeals.

Argued Sept. 30, 2009.

Decided Aug. 26, 2010.

---

Ralph Werner, Washington, DC, for appellant.

Carl J. Schifferle, Assistant Attorney General, with whom Peter J. Nickles, Attorney General for the District of Columbia, and Todd S. Kim, Solicitor General, and Donna M. Murasky, Deputy Solicitor General, were on the brief, for appellee.

Emil Hirsch, with whom Steven A. Pozefsky, Washington, DC, was on the brief, for Autozone Development Corporation and Autozone Stores, Inc., amici curiae, in support of appellant.

Before GLICKMAN and FISHER, Associate Judges, and WAGNER, Senior Judge.

WAGNER, Senior Judge:

Appellant, Samuel N. Franco, brought this action in Superior Court for injunctive relief and monetary damages under 42 U.S.C. § 1983 alleging that appellee, District of Columbia (District), violated his constitutional rights by taking his private property for redevelopment solely for a private and non-public purpose. Franco claimed that the asserted public purpose for the taking was pretextual. The trial court granted summary judgment for the District on the ground that the doctrine of collateral estoppel precluded Franco from litigating his pretext claim. On appeal, Franco argues that the trial court erred in giving collateral estoppel effect to an issue resolved in a case to which he was not a party. We conclude that the trial court erred in giving collateral estoppel effect to an issue decided in a case to which Franco was neither a party nor in privity with a party. Under the circumstances of this case, it would be inappropriate to affirm on a ground not relied upon by the trial court as requested by the District. Therefore, we reverse and remand for further proceedings consistent with this opinion.

## I.

We state briefly the factual background for this case and related cases. Other facts pertinent to our consideration of the issues before the court are set forth in the discussion of the issues in Section II.

### A. Franco's § 1983 Action

Franco is the owner of improved real property located at 2838 Alabama Avenue, S.E. and of a leasehold interest (along with Allan and Nathan Franco) in the adjacent real property located at 2834 Alabama Avenue, S.E. in the District. (referred to collectively as the "Property"). Franco owns and operates a business, Discount Mart, in the Property, which is within the Skyland Shopping Center (Skyland site) located at Alabama Avenue, Good Hope Road, and Naylor Road, S.E. Franco's property was taken through eminent domain to redevelop the Skyland site. Franco brought this action under 42 U.S.C. § 1983 alleging that the taking violated his constitutional rights because it was for a private and non-public purpose and because the asserted public purpose was pretextual.

The District filed a motion to dismiss Franco's complaint under Super. Ct. Civ. R. 12(b)(6). It attached to the motion its Motion for Partial Summary Judgment in a related condemnation case against Franco, i.e., *District of Columbia v. 0.03 Acres of Land and Samuel N. Franco, et al.*,

C.A. 05–5335 (hereinafter *Franco Condemnation* case). Also before the court was a copy of an order in a condemnation case before the Superior Court involving another property within the Skyland site described as *District of Columbia v. 0.40 Acres of Land, et al.*, C.A. No. 05–5336 (hereinafter *DeSilva*). The owner and tenant in the *DeSilva* case asserted as a defense to the taking a claim of pretext similar to the one advanced by Franco in the present case.

The trial court did not rule on the District's motion to dismiss immediately. It entered a scheduling order that included discovery deadlines. The District requested a stay of this case on the ground that it was duplicative of a condemnation proceeding involving Franco's property (hereinafter described), but the trial court denied the request. Before the expiration of the extended time for the close of discovery, the trial court entered an order treating the District's motion to dismiss as one for summary judgment and granted summary judgment for the District. The trial court gave as the reason for its ruling that the determination of the pretext issue against the parties in the *DeSilva* case collaterally estopped Franco from asserting otherwise in this case. Franco challenges that ruling in this appeal.

### B. *The Franco Condemnation Case*

The National Capital Revitalization Corporation (NCRC), an independent instrumentality of the District of Columbia, instituted condemnation proceedings against Franco's property in the Skyland site (*District of Columbia v. 0.03 Acres of Land and Samuel N. Franco, et al.*, CA 05–5335). Franco raised several defenses, including that the taking was pretextual in violation of the Fifth Amendment. The trial court granted the District's motion to strike Franco's defenses and dismiss his counter claim. This court concluded that the "pretext" defense raised an issue requiring proof and that the defense could not be rejected on the pleadings alone. *Franco v. National Capital Revitalization Corp.*, 930 A.2d 160, 162 (D.C.2007) (*Franco I*). Therefore, the court reversed the judgment, vacated the order granting NCRC's motion for immediate possession of Franco's property, and remanded the case to the trial court for further proceedings including discovery. 930 A.2d at 175.

On remand, Franco was granted broad discovery in the condemnation case. At the close of the initial discovery period, the District moved for summary judgment as to the validity of the taking. The trial court subsequently granted a series of motions for extensions of the discovery deadlines, including an order extending discovery for the review of electronic documents entered on June 29, 2009. In the meantime, the District's motion for summary judgment remained pending in the condemnation case.

### II.

Franco argues that the trial court erred in granting summary judgment for the District on his pretext claim by giving collateral estoppel effect to an order entered in the *DeSilva* case to which he was not a party. He contends that the foundational requirements for application of the doctrine are not present. The District acknowledges that the applicability of collateral estoppel is "questionable." It contends that the judgment can be affirmed on the merits of the pretext issue as raised by its motion for summary judgment. We consider first whether the trial court properly granted judgment for the District based upon the doctrine of collateral estoppel.

### A. *Collateral Estoppel*

Collateral estoppel, or issue preclusion, "prohibits 'the relitigation of factu-

al or legal issues decided in a previous proceeding and essential to the prior judgment.' " *Elwell v. Elwell,* 947 A.2d 1136, 1140 (D.C.2008) (quoting *Borger Mgmt., Inc. v. Sindram,* 886 A.2d 52, 59 (D.C. 2005)). Thus, when applicable, collateral estoppel renders conclusive the determination of issues of fact or law previously decided in another proceeding. *Modiri v. 1342 Rest. Group, Inc.,* 904 A.2d 391, 394 (D.C.2006) (citing *Davis v. Davis,* 663 A.2d 499, 501 (D.C.1995)). The foundational requirements for application of the doctrine are well established. Collateral estoppel may be applied when

> (1) the issue is actually litigated and (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; (4) under circumstances where the determination was essential to the judgment, and not merely dictum.

*Id.* (quoting *Davis, supra,* 663 A.2d at 501 (quoting *Washington Med. Ctr. v. Holle,* 573 A.2d 1269, 1283 (D.C.1990))). Whether the foundational requirements for the application of collateral estoppel are met in this case is a question of law that this court reviews *de novo. Id.* (citing *Davis,* 663 A.2d at 501).

■ In this action for injunctive relief and monetary damages, Franco alleged in count I of his complaint that the District, through legislation, sought to seize his private property by eminent domain for the sole purpose of selling it to or benefitting another private party in contravention of his rights under 42 U.S.C. § 1983 and the Fifth Amendment and that the District's stated public purpose for the taking is pretextual. Applying collateral estoppel, the trial court granted summary judgment on count I of Franco's complaint based upon the disposition of the pretext issue in favor of the District in the *DeSilva* case.[1] In *DeSilva,* another trial judge rejected the pretext defense asserted by DeSilva, owner of a different property in the Skyland site. That judge declared the taking of DeSilva's property to be valid, having concluded on summary judgment that the Council acted "with reasonable foundation, rather than pretextually, when it decided that the Skyland redevelopment would serve numerous public purposes." Franco argues that, contrary to the trial court's conclusions in his case, the foundational requirements for application of collateral estoppel to his claim based on *DeSilva* are not present. Specifically, he contends that he was neither a party to nor a privy to any party in the *DeSilva* case and that his pretext claim was not actually litigated in *DeSilva.*

■ Generally, a person who was not a party to a suit is not deemed to have had a "full and fair opportunity to litigate" the issues decided in that suit. *Taylor v. Sturgell,* 553 U.S. 880, 128 S.Ct. 2161, 2171, 171 L.Ed.2d 155 (2008). Therefore, with limited exceptions, "issue preclusion may not be asserted against one who was not a party in the first case." *Jackson v. District of Columbia,* 412 A.2d 948, 952

1. The application of the doctrine in this case concerns what is described as defensive collateral estoppel in that it was used to prevent Franco, plaintiff below, from relitigating in this case the pretext issue determined in favor of the District in a prior case. *See Davis, supra,* 663 A.2d at 501 n. 3 (citations omitted) (characterizing as defensive collateral estoppel a defendant's effort to prevent the plaintiff from relitigating a blood testing issue determined against him in their prior divorce proceeding). The present case, unlike *Davis,* involves the non-mutual application of the doctrine by the trial court. *See Modiri, supra,* 904 A.2d at 394, 398 (citing *Ali Baba Co. v. WILCO, Inc.,* 482 A.2d 418, 421–22 (D.C. 1984)) (other citation omitted) (describing non-mutual use in cases where one party to the new case was not a party to the previous litigation).

(D.C.1980) (citations and emphasis omitted). The most recognized exception is where privity exists between the party in the second case and the party bound by the prior judgment. *Richards v. Jefferson County, Ala.,* 517 U.S. 793, 798, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996) (identifying the privity exception to non-party issue preclusion as the most notable); *Modiri, supra,* 904 A.2d at 396–98 (explaining privity requirement and applying non-mutual collateral estoppel against a party determined to be in privity with the party to the prior action). There is no dispute that Franco was not a party to the *DeSilva* case, and the government acknowledges that privity is "questionable." The trial court concluded that Franco was in privity with the defendants in the *DeSilva* case because (1) his interest "mirrors the interests of the [d]efendants" in that case, (2) both property owners asserted that the stated reason for the taking of property in the Skyland site was pretextual, and (3) the District was a party to both actions. These factors are insufficient to establish privity for application of issue preclusion to Franco's claim.

■ " 'A privy is one so identified in interest with a party to the former litigation that he or she represents precisely the same legal right in respect to the subject matter of the case.' " *Modiri, supra,* 904 A.2d at 396 (quoting *Smith v. Jenkins,* 562 A.2d 610, 615 (D.C.1989)). "In property law, a privity relationship 'denotes a mutual or successive relationship to the same rights of property.' " *Id.* at 396 n. 4 (quoting *District of Columbia Redevelopment Land Agency v. Dowdey,* 618 A.2d 153, 163 (D.C.1992)). Such a relationship has not been shown here. In *DeSilva,* the District brought condemnation proceedings against an owner and tenant of one property in the Skyland site, *i.e.,* 2648 Naylor Road, S.E. Franco was not shown to have an interest of any kind, mutual or successive, in the subject matter of that suit (*i.e.,* the Naylor Road property) nor any relationship to its owner. Put another way, Franco has no mutual or successive relationship to DeSilva or DeSilva's property. *See Dowdey,* 618 A.2d at 163 (rejecting claim of privity absent mutual or successive relationship to the same property). Franco and DeSilva, simply owned properties near each other, both of which the District sought to acquire by eminent domain. Franco had no opportunity to litigate the pretext issue in the *DeSilva* case. In fact, the District filed a separate condemnation proceeding against Franco seeking to acquire the real property in which he does have an interest located at 2838 Alabama Avenue, S.E. Franco and DeSilva happened to assert separately and individually as a claim or defense in their separate suits that the asserted basis for the District's action was pretextual. For all intents and purposes, they are strangers to each other. Therefore, clearly the third element essential for application of collateral estoppel, a fair and full opportunity for litigation by the parties or their privies, is not present here.

■ In *Taylor, supra,* the Supreme Court identified several other categories of recognized exceptions to the rule against non-party issue preclusion, none of which are present here. 128 S.Ct. at 2172–73. These exceptions may apply when: (1) there is an agreement to be bound by the issues determined in the prior action; (2) certain legal relationships exist between the non-party and party to the prior judgment (*e.g.,* assignor and assignee, successive property owners, bailor and bailee); (3) there was representation in the prior suit by a party with the same interest (*e.g.,* class action and suits by trustees, guardians and other fiduciaries); (4) the non-party assumed control over the prior litigation; (5) a non-participant in the prior

litigation brings an action as the designated representative of a party to the prior action; and (6) there are statutory schemes foreclosing successive litigation when otherwise consistent with due process (*e.g.,* bankruptcy proceedings). *Id.* (citations omitted). The circumstances in this case fall within none of the recognized exceptions to the rule against non-party preclusion mentioned above.

In reaching its privity decision, the trial court found significant that Franco's interest "mirrors the interest" of the defendants in the *DeSilva* case. Amicus argues that the trial court's focus on this factor represents an application of the doctrine known as "virtual representation," which violates the non-party's due process rights.[2] The Supreme Court has rejected any broad doctrine of virtual representation that would allow preclusion based on identity of interests and relationships between parties and non-parties without due process protections such as those prescribed for class actions under FED. R.CIV.P. 23. *Taylor,* 128 S.Ct. at 2176. In disapproving the theory of virtual representation under review in *Taylor,* the Supreme Court cited among its reasons: (1) the importance of discrete exceptions to non-party preclusion in light of "the fundamental nature of the general rule that a litigant is not bound by a judgment to which she was not a party"; (2) the limitations on non-party preclusion based on adequate representation which requires, at a minimum, an alignment of interests between the party and non-party *and* the party's understanding that he or she was acting in a representative capacity or the first court took steps to protect the non-party's interest, and sometimes notice of the original suit to those purportedly represented; and (3) the preferability of definite rules to avoid unnecessary complication generated by preclusion questions under a balancing approach. *Id.* at 2175–77 (citations omitted).

The record is devoid of any evidence that Franco's interest was adequately represented in the prior *DeSilva* case, that the DeSilva parties thought that they were acting in a representative capacity and took steps to protect Franco's interest, or any notice to Franco of DeSilva's suit. *Id.* at 2177 (listing the minimum requirements for non-party preclusion based on adequate representation as alignment of interests of party and non-party, knowledge of representative capacity or court protections of non-party's interest and sometimes notice); *see also Richards, supra,* 517 U.S. at 802, 116 S.Ct. 1761 (rejecting for lack of due process application of issue preclusion to non-parties absent showing of adequate representation sufficient to make up for the fact that the non-parties did not participate in or have an opportunity to participate in the prior action) (citations omitted). Therefore, to the extent that the trial court's decision rests upon any theory of virtual representation, or "mirrored interest," as it was characterized in the court's order, it must be rejected. In short, none of the exceptions to non-party issue preclusion were shown to apply in this case. Therefore, the trial court erred in applying issue preclusion on the pretext issue and in granting summary judgment to the District based thereon.

---

2. *Amici,* Auto Zone Development Corporation and AutoZone Stores, Inc. (collectively AutoZone), have legal interests in property within the Skyland site. AutoZone is plaintiff in a case against the District asserting a claim under 42 U.S.C. § 1983 which is presently stayed. It also anticipates that the District will file condemnation proceedings against its property. Its concern is that if the collateral estoppel ruling is upheld in this case, it will be used against AutoZone also.

## B. *Alternate Argument for Summary Judgment*

 The District argues that this court should affirm the trial court's judgment on a ground upon which it did not rely. Specifically, the District contends that the record shows that in authorizing the taking of the Skyland site, the District of Columbia Council had a substantial public purpose which Franco cannot overcome by a pretext claim and that the stated public purposes were not pretextual. Franco argues that the case is not in a posture for disposition by summary judgment. He contends that he should have been afforded an opportunity to complete discovery and file a supplemental opposition to the District's pending summary judgment motion.

 "An appellate court has discretion to uphold a summary judgment under a legal theory different from that applied by the trial court, and rest affirmance on any ground that finds support in the record, provided it proceeds cautiously so as to avoid denying the opposing party a fair opportunity to dispute the facts material to the new theory." *Wagner v. Georgetown Univ. Med. Ctr.*, 768 A.2d 546, 559–60 (D.C.2001) (quoting *United States v. General Motors Corp.*, 171 U.S.App.D.C. 27, 48, 518 F.2d 420, 441 (1975) (internal quotation marks omitted)). That course presupposes that there will be no procedural unfairness, that is that the opposing party "had notice of the ground upon which affirmance is proposed, as well as an opportunity to make an appropriate factual and legal presentation with respect thereto." *National Ass'n of Postmasters of the United States v. Hyatt Regency Washington*, 894 A.2d 471, 474 (D.C.2006) (quoting *In re*

*Walker*, 856 A.2d 579, 586 (D.C.2004)). We have cautioned that "it usually will be neither prudent nor appropriate for this court to affirm summary judgment on a ground different from that relied upon by the trial court." *Wagner*, 768 A.2d at 560. Among the reasons cited for this proposition are that the issues are not ripe for consideration, not clearly presented by the record or simply because it would be better to leave to the trial court the task of sifting through the summary judgment record. *Id.* (citing 15B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, *Federal Practice and Procedure: Jurisdiction 2d* § 3914.28, at 213–15 (2d ed. 1991)).

In the trial court, the District moved to dismiss Franco's complaint pursuant to Super. Ct. Civ. R. 12(b)(6) (failure to state a claim upon which relief can be granted). The District attached to its motion to dismiss a copy of its motion for partial summary judgment filed in the *Franco Condemnation* case and various exhibits. In opposing the District's motion in this case, Franco submitted copies of his preliminary opposition to the partial summary judgment motion and a Rule 56(f) affidavit supporting his request for deferral of a ruling on the motion pending further discovery.[3] He also submitted a Statement of Material Facts in Genuine Dispute provided for under Super. Ct. Civ. R. 12–I(k). Franco sought an opportunity to complete discovery in this case and to submit a further opposition to the District's motion. The trial court treated the District's motion to dismiss as one for summary judgment because it was presented with and considered matters outside of the plead-

---

**3.** Super. Ct. Civ. R. 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

ings in resolving it.[4] The District's partial summary judgment motion in the *Franco Condemnation* case remained unresolved, and discovery remained ongoing in that case. Essentially, Franco was seeking the same opportunity to complete discovery related to his pretext claim that he had been granted in the *Franco Condemnation* case on virtually the same question, *i.e.*, his pretext defense. No doubt, in light of its ruling, the trial court did not rule on Franco's request for additional time for discovery and for filing supplemental material. The trial court could have, but did not give Franco an opportunity to present any other material pertinent to consideration of the motion as one under Rule 56 instead of Rule 12(b)(6).

Further, there have been new developments in the *Franco Condemnation* case that may affect the outcome of this case upon remand. Specifically, the District informs the court that the trial court has granted the District's motion for partial summary judgment in the *Franco Condemnation* case, concluding that the taking was for a public purpose and not for pretextual reasons.[5] It does not appear from the information provided that a final judgment has been entered in that case. Considering all of the circumstances, we conclude that it would be prudent to leave to the trial court consideration of the various issues affecting the final disposition of this case on the merits. *See Wagner, supra,* 768 A.2d at 560.

For the foregoing reasons, the judgment of the trial court is reversed and remanded

for further proceedings consistent with this opinion.

*So ordered.*

---

4. Super. Ct. Civ. R. 12(b)(6) provides that when a motion under Rule 12(b)(6) is filed and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable

opportunity to present all material made pertinent to such a motion by Rule 56."

5. Count I of Franco's pretext claim in this case is essentially the same as his pretext defense in *Franco I.*